John & Mary Breslin *v.* Susq. Col. Co., Appellant.

450

Argued October 26, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*T. G. Wadzinski,* and with him *Henry A. Gordon,* for appellant.

*Roger J. Dever,* for appellee.

Opinion by Stadtfeld, J., January 25, 1933:

This is a workmen's compensation case in which the referee made an award in favor of claimants; this award on appeal by defendant was affirmed by the Workmen's Compensation Board and subsequently on appeal judgment was entered by the court on the award. From that judgment this appeal is taken. The sole question involved is whether claimants, parents of the decedent, were totally dependent upon the latter at the time of his death.

The claimants are John H. and Mary C. Breslin, parents of the decedent, Michael S. Breslin, who died March 18, 1931, as the result of injuries which he received on March 3, 1931, while in the course of his employment as a miner for the defendant company.

The referee has found that the decedent was forty-three years of age at the time of his death and was in receipt of an average weekly wage in excess of $24.00; that he was giving all his earnings to his parents for the support of the home at the time of his death. The father testified that he was 69 years of age and at the time of the son's death was sick in bed with pneumonia; that he had been working for some time before his son's death at the Maloney Brewing Company, as a watchman, but that he had not received any pay whatever for the last seventeen weeks that he worked for the company, and that the brewery was being sold at Sheriff's sale, and that he did not expect to receive anything for these seventeen weeks; that he has not been able to do anything since his sickness; that he had not worked for two years prior to that, except as a watchman as aforesaid; that he owned one-half of a double house in which he and his wife lived; the mother testified that she was 67 years old and that the decedent, her son, gave her all his earnings and that she had no other income at the time of his death. Dr. Buckley, who was taking care of the father of decedent during the former's illness, testified that the father had not been expected to recover and that the mother of decedent was ill, and with the exception of attendance at the hearing, had not been away from the house for five years. The referee found that the parents were totally dependent on the son's earnings and that as a matter of law they are to be compensated as totally dependent parents, under the provisions of Section 307 of the Workmen's Compensation Law and made award accordingly. These findings of fact and conclusions of law and award were affirmed by the board.

This court is not a fact finding body, and if there be any legally competent evidence, or an inference fairly deducible therefrom, the award must be sustained, although we might differ from the conclusion thus reached. Ford v. Dick, 288 Pa. 140. We cannot substitute our judgment for that of the referee or the board, as the compensation act has delegated to them the exclusive function of determining these facts. An appellate court will not review such conclusion. Morris v. Yough Coal and Supply Co., 266 Pa. 216; Todd et ux., v. Lehigh Valley Coal Co., 297 Pa. 302.

As stated by the lower court, MORGANROTH, P. J.: "Taking into consideration the advanced ages of the claimants, the illness of the father and his inability to provide the necessities of life for himself and wife at the time of the son's accident, the fact that the deceased gave his mother all his earnings, and that she had no other income at the time of his death, there is ample evidence here to justify the conclusion that the aged parents were dependent upon the son's wages."

A careful examination of the evidence leads us to the conclusion that the findings of the referee, approved by the board were fully warranted, and that judgment was properly entered in favor of claimants.

The assignments of error are overruled and the judgment affirmed.