### Tuttle *v.* Holland Furnace Co., Appellant.

Argued October 23, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*William I. Troutman,* for appellant.

*F. B. Moser,* and with him *W. J. B. Bloom,* for appellee.

OPINION BY CUNNINGHAM, J., December 16, 1933:

About 9:45 on the night of January 14, 1931, a passenger train, running at a high rate of speed, struck an automobile on a grade crossing several miles north of Montandon, Northumberland County. The only oc-

cupant of the automobile, Hale H. Tuttle, employed by Holland Furnace Company as its branch manager at Sunbury, was killed instantly. Alleging that her husband's death was accidental and occurred while he was actually engaged in the furtherance of the business and affairs of his employer, his widow, Vivian M. Tuttle, filed, for herself and in behalf of three sons under the age of sixteen, a claim petition for compensation under our Workmen's Compensation Act of June 2, 1915, P. L. 736, and its amendments.

After claimant had adduced evidence before the referee, tending to show that at the time of the collision the employe was engaged upon the business of his employer, the defendant and its insurance carrier undertook to show, as their principal defense, that the death was intentionally self-inflicted, and, secondarily, that even if it was accidental it did not occur in the course of Tuttle's employment.

The issues of fact thus raised were exclusively for consideration and disposition by the compensation authorities. The referee found against the defendant on both propositions and awarded compensation; the board affirmed the findings of the referee. Upon defendant's appeal to the court below, that tribunal, being of opinion that there was sufficient competent evidence to support the findings, dismissed the exceptions thereto and entered judgment upon the award, remarking, ''we cannot substitute our judgment for [that of the referee] even were we inclined so to do.'' This appeal is by the employer from the judgment so entered and our sole inquiry must be whether the record contains sufficient legally competent evidence to support the findings of fact made by the referee and affirmed by the board.

The applicable principles of law are well established: Ford v. Dick Co., 288 Pa. 140, 135 A. 903. By the proviso to the first paragraph of section 301, it is enacted

"that no compensation shall be made when the injury or death be intentionally self-inflicted, but the burden of proof of such fact shall be upon the employer." This requirement, with respect to the burden of proof, is in harmony with the principle that there is a presumption against suicide on the part of a sane person who came to his death under circumstances not conclusively established. The significance of the word "intentionally," as used in the statute, is apparent from the opinion in Lupfer v. Baldwin Locomotive Works, 269 Pa. 275, 112 A. 458.

In the present case the employer undertook to rebut that presumption, and in order to do so successfully was required to present clear and positive evidence, either uncontradicted or so indisputable in weight, as to justify a court in holding that a verdict against that evidence must be set aside as a matter of law.

The testimony of the engineer, as well as that of several drivers of passing automobiles, indicated that decedent's car had been standing along the side of the highway and at a safe distance from the crossing for some minutes prior to the arrival of the train; that as the engine approached with its whistle blowing the automobile was driven upon the crossing; and that it stopped upon the track immediately before the impact. These facts, established by the testimony of disinterested witnesses, would have justified a finding of suicide, but they did not compel that inference; there was no conclusive evidence upon the vital question whether the engine of the automobile stalled, or was purposely stopped by the driver. In addition to this circumstantial evidence, there was evidence of the fact that the employe was short in his accounts with his employer and the defendant introduced the testimony of two of its representatives to the effect that claimant, on the afternoon and during the evening of the day of the collision, gave them memoranda of the details of

the shortage and declared her husband had decided to commit suicide that evening in order to escape prosecution. But the testimony of these witnesses was flatly and positively contradicted by claimant.

The fourth finding of fact by the referee reads: "4. There is some testimony on the part of two employes of the defendant company, that as decedent was found to be short in his accounts, claimant and decedent had entered into a suicide pact, but that they later decided that claimant should not go through with it on her part on account of the children; this was specifically denied on the part of claimant at the hearing, and from all of the competent testimony produced at the hearing in this case, your referee is constrained to believe the testimony of claimant."

Upon the question whether the death occurred while Tuttle was in the course of his employment, the referee, in his third finding of fact, said: "3. The decedent, in his duties as branch manager for the Holland Furnace Company, naturally often went out in his territory, which included the Counties of Northumberland, in which Montandon is located, and Snyder and Union Counties, to solicit business for the company, and especially would he go to close sales which some of his men had previously solicited; that he would often do this work in the evenings, as at that time he was able to find more of the people at their homes; on the day of his fatal injury, he left his home and office in Sunbury somewhere between 10:00 and 11:00 o'clock in the morning, telling his wife that he was going to Montandon, and that he might also go to Middleburg before returning home again; two of the salesmen under the decedent had an engagement with him to meet at a place in Middleburg on January 13, 1931, and if he could not come that day, to be there on January 14, 1931; Middleburg is in the neighborhood of about sixteen miles west of Sunbury, and decedent did not ap-

pear for his engagement at Middleburg, although the men waited there until about 7:00 o'clock in the evening, and they then returned to Sunbury and went to the office of decedent, which was located in the front part of his home, and not finding him there, started for their homes, and they saw decedent at about 8:15 P. M. at the corner of Front and Race Streets in Sunbury, the decedent driving past in his Chevrolet car; this crossing where decedent met with his fatal injury is located about two miles from Montandon and in the neighborhood of about twelve miles from Sunbury.''

The presumption to which we have referred, and defendant's effort to rebut it, necessarily carried this case to the triers of facts and we agree with the court below in holding that it cannot be said the award entirely lacked evidential support, or that the evidence relied upon by defendant was so clear, positive, credible and uncontradicted, or so indisputable in weight, as to justify a court in holding as a matter of law that the employer successfully sustained the burden resting upon it. In view of the findings, it is not necessary to pass upon the admissibility of the testimony relative to the alleged declarations of claimant.

If the writer were charged with the duty of weighing the evidence and drawing an inference therefrom, he would have no hesitation in holding that its clear weight was in favor of the contention that the death was self-inflicted, but we are neither required nor authorized to perform that function: Breslin v. Susquehanna Collieries Co., 107 Pa. Superior Ct. 449, 163 A. 913.

Upon the second branch of the defense we need only refer to our recent case of Kolasa v. Stubnickie, 110 Pa. Superior Ct. 152, 167 A. 246, and cases there cited. There was also evidence that a furnace model and order blanks were in the automobile. The action of the court below was in harmony with the principles enunci-

ated in Ford v. Dick Co., supra, and it now becomes our duty to dismiss all the assignments of error.

Judgment affirmed.