# Rittenberg *v.* Abbott Laboratories (et al., Appellants).

Argued September 28, 1945. Before BALDRIGE, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, J.J. (RHODES, J., absent).

*George H. Detweiler,* for appellants.

*Milford J. Meyer,* with him *Robert M. Bernstein,* for appellee.

OPINION BY ARNOLD, J., January 18, 1946:

In this workmen's compensation case the board found for the claimant with appropriate findings. The court below affirmed, and defendant appealed, alleging that there was insufficient evidence to sustain the findings of fact.

Claimant's husband, William Rittenberg, was a maintenance engineer in defendant's laboratory. On the morning of November 23, 1937, he went shopping with his wife and daughter and returned to defendant's plant about noon. He apparently did not leave the premises until removed to the hospital after the events which caused his death. At about 4:00 P. M. he was observed sitting at his desk. He had vomited considerably and complained of pain in the chest. He had removed his shirt. At 4:15 he called on the plant telephone for help,

was found at his desk and had vomited "all over the floor". He was taken to the plant doctor, became unconscious, was removed to a hospital, and died about 4:30 P. M. An autopsy disclosed that cyanide poisoning was the cause of death. As to the above facts there was abundant evidence and no serious controversy.

The claimant's expert testified that the decedent's symptoms were characteristic of cyanide poisoning, that the deceased would die in less than an hour after the poison was taken, and that it is lethal in very small amounts. Therefore there was evidence to sustain a finding that the poison was taken while the deceased was on the premises of the employer.

Since the claimant has sufficient evidence to sustain findings that the poison was taken on the premises of the employer, it is immaterial whether the poison was a part of the plant equipment or not. The claimant offered evidence (believed by the referee and board) that the appearance of cyanide salts is similar to powdered bicarbonate of soda, a remedy frequently taken by the decedent and frequently carried by him in a box; and that a similar sized box was found in the decedent's desk with his fingerprints thereon, that this box contained the characteristic odor of cyanide, and was the same odor that emanated from his body. This odor from the box still obtained at the hearing before the referee. While this testimony was contradicted it was for the triers.

The real question is whether the poison (a) was taken intentionally with a view of suicide; or (b) was administered by a third person with a view of homicide; or (c) was taken accidentally and by mistake. It was not necessary for the claimant to show the exact cause of a mistake or accident. Under section 301 of the Workmen's Compensation Act as amended (77 P.S. Sec. 431), the burden is upon the defendant to show intentionally self-inflicted injury. The Supreme Court held in *Keyes et al. v. New York, Ontario & Western Ry. Co.*, 265 Pa. 105, 108 A. 406, that the burden was also upon the de-

fendant to show that a third party intended to injure the employe because of reasons personal to him. See also *Hunter v. American Oil Company,* 136 Pa. Superior Ct. 563, 572, 7 A. 2d 479. The defendant made no attempt to discharge either burden.

The testimony showed that the decedent was healthy and happy. He had purchased tickets for the theatre for himself and family for that night. He had telephoned with reference to a coat for his daughter. He was fond of his wife and family and was "always doing things for them". The testimony is all consistent with a desire to live. This case is ruled by *Hunter v. American Oil Company,* 136 Pa. Superior Ct. 563, 7 A. 2d 479, in which an allocatur was refused by the Supreme Court. Judge RHODES pointed out at page 571: "In the absence of planned self-destruction, the only legitimate inferences . . . are that deceased met his death . . . as a result of a mishap or fortuitous happening or an untoward event which was not expected or designed, or that he was forced or shoved off by some third party [at bar, was poisoned by some third person]." At page 572, "It is to be borne in mind that compensation cases of the type now before us are not controlled by cases arising under insurance contracts where it is provided that the death of the insured must have been effected solely through external, violent, and accidental means . . . In workmen's compensation cases where the burden of proof that the injury or death was intentionally self inflicted is upon the employer, if the facts proved permit of an inference of accidental death as well as an inference of suicide, the inference to be adopted is for the compensation authorities. Consequently, the findings of the compensation authorities based on such inferences must be sustained unless it appears that the inevitable conclusion from the facts presented was that the deceased committed suicide. Podgur et al. v. Otto Eisenlohr & Bros., Inc., et al., 135 Pa. Superior Ct. 469, 5 A. 2d 603".

Judgment affirmed.