Louise Anderson, Widow of Joseph Anderson, Deceased, Appellant, *v.* Independent Pier Co. and American Mutual Liability Insurance Company, Appellees.

Argued April 5, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Gerald J. Haas,* for appellant.

*Frederick L. Fuges,* with him *MacCoy, Evans & Lewis,* for appellees.

OPINION BY JUDGE MENCER, June 11, 1974:

Joseph Anderson (Anderson) was in the employ of Independent Pier Co. (employer) as a stevedore when he received injuries while in the course of his employment on November 24, 1966. Compensation for total disability was paid under an agreement between the parties until January 13, 1967. On November 2, 1967, the employer filed a petition to terminate compensation pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act.[1]

Hearings were held before a referee who subsequently found that Anderson's total disability terminated on March 13, 1967, when it was reduced to partial disability, and that partial disability continued until November 13, 1967, at which time all disability ceased. Anderson appealed to the Board which modified the referee's decision by substituting a finding of fact[2] to the effect that Anderson's total disability continued until March 14, 1967, at which time all disability relating to his accident ceased. The Court of Common Pleas of

---

[1] Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §772.

[2] This was proper since the Board decided this case prior to May 1, 1972, when the referee was its agent and the Board was the ultimate finder of fact. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

Philadelphia County then affirmed, and this appeal by Anderson followed.

Anderson first argues that the lower court's order should be reversed because the Court used an erroneous standard of review. We disagree. An examination of the Court's opinion reveals that the scope of review is cited incorrectly; however, later in its opinion the Court uses the proper standard of review. Further, although its opinion is confusing, any such error is now irrelevant for purposes of this opinion because our task is to review the *Board's* determination and not that of the lower court.

As we have stated many times, our scope of review in this type of case is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has decided a case prior to May 1, 1972, in favor of the termination of compensation benefits (*i.e.,* in favor of the party having the burden of proof), our review is limited to a determination of whether there is sufficient competent evidence to support the findings of the board. *See Ritchie v. Universal Cyclops Corporation,* 6 Pa. Commonwealth Ct. 626, 297 A. 2d 559 (1972).

This brings us to Anderson's second argument; namely, that the Board's finding that his disability ceased on March 14, 1967, was not supported by competent evidence. The applicable finding on this point is as follows: "Claimant's disability due to the injury sustained by him continued beyond the period for which compensation was paid and claimant remained totally disabled up to but not including March 14, 1967, when his disability as a result of the accidental injury ceased, and any further disability suffered by claimant was due to causes unrelated to the accidental injury."

Unfortunately for Anderson, the record reveals that this finding is supported by the testimony of Dr. Frank Dana Law, Anderson's treating physician. Dr. Law stated unequivocally that, from the point of view of the injury he suffered on November 24, 1966, Anderson could have returned to work as early as January of 1967.[3] His testimony was accepted as credible by the Board and is binding on this Court.

Anderson's final argument is that the Board erred in placing on him the burden of proving that his disability continued. Of course, the burden of proof in a hearing on a petition to terminate compensation is on the petitioning employer. *Crucible Steel Company of America v. Skwarko,* 9 Pa. Commonwealth Ct. 269, 306 A. 2d 395 (1973). Our review of the Board's opinion convinces us that, although some confusing language is used and an inappropriate case cited, no error requiring reversal was committed.

We have no doubt that the Board correctly placed the burden of proof on the employer. Its opinion specifically states that the employer "has satisfactorily met its burden of proving Mr. Anderson's disability . . . terminated on March 13, 1967." Admittedly, the Board then used language which seemed to say that Anderson had the burden of proving that his disability continued. Our careful examination reveals that the Board meant only that, since credible evidence had been presented by the employer sufficient to carry its burden, Anderson then, in order to prevail, had the task of coming forward with evidence to rebut the case for termination presented by the employer.

---

[3] For reasons not clear in its opinion, the Board construed Dr. Law's testimony to mean that Anderson's disability continued until March 14, 1967. Anderson can hardly complain as to this date, in view of our conclusion that there was sufficient evidence to support a finding that his disability terminated in January of 1967.

In conclusion, we find that the Board correctly placed the burden of proof on the employer and properly found that the employer had satisfied this burden.

Order affirmed.