Commonwealth of Pennsylvania, Appellant, *v.* City of Oil City and William L. Hanel, Appellees.

Argued October 10, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Joseph F. Strain,* with him *Samuel C. Vary,* Assistant Attorney General, and *Edward A. Mihalik,* Counsel, for appellant.

*Ralph L. Montgomery, Jr.,* with him *F. Walter Bloom, III,* City Solicitor, for appellee, City of Oil City.

*John McFate,* for appellee, William L. Hanel.

OPINION BY JUDGE WILKINSON, November 6, 1974:

This case involves the inter-relation between two statutes: Section 108(o) of the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, *as amended,* 77 P.S. §1208(o) (Supp. 1974-1975), and the so-called Heart and Lung Act, Act of June 28, 1935,

P. L. 477, *as amended*, 53 P.S. §637. The issue to be decided, as framed by the lower court, is where a fireman suffers a disability that brings him within the purview of the two Acts cited above, does the ultimate obligation for compensation to that individual rest upon the city or the Commonwealth of Pennsylvania?

Claimant, William L. Hanel, has been employed as a fireman with the Fire Department of the City of Oil City (City) since 1951. Since that time, up to and including November 30, 1970, he was subjected to the exposures of stress, heat, etc., as set forth in both the Occupational Disease Act and the Heart and Lung Act. On November 30, 1970, claimant, while fighting an especially tragic fire, suffered a heart attack and incurred right lobar pneumonia, resulting in temporary total disability from that date until May 15, 1971, when he returned to duty. It is agreed that claimant's heart disease comes within the provisions of Section 108(o), 77 P.S. §1208(o), of the Occupational Disease Act and, under the Heart and Lung Act, the claimant is also entitled to compensation payments during the period of temporary disability to be paid by the City.

During the entire period of temporary disability, the City continued to pay claimant his full rate of salary when, under the Heart and Lung Act, the City was obligated only to make compensation payments to him in the amount of $60.00 per week (the amount compensable as occupational disease disabilities under the Occupational Disease Act). The City, however, did not pay claimant's hospital, doctor and drug bills.

Claimant filed a claim petition for occupational disease compensable under Section 108(o), 77 P.S. §1208 (o). The referee found that compensation under the Occupational Disease Act should be suspended until claimant could show loss of earnings and that the Commonwealth of Pennsylvania, Occupational Disease Fund, was liable for all hospital, medical and drug bills.

The City appealed to the Workmen's Compensation Board which ruled that, in addition to claimant's medical expenses, the Commonwealth was liable, under Section 108(o), for the occupational disease compensation payments of $60.00 per week for the period November 30, 1970, to May 15, 1971, and that "the [City] is subrogated to receive all said payments."

The Court of Common Pleas of Venango County sustained the decision of the Workmen's Compensation Board, and the Commonwealth has taken the instant appeal.

Prior to the 1965 amendment to the Occupational Disease Act (Act of December 17, 1965, P. L. 1121, §1), the Commonwealth was required to pay 40% of an occupational disease award and a city-employer was required to pay the remaining 60%. This amendment placed 100% of the obligation on the Commonwealth and ended the obligation of the city-employer to pay compensation for occupational disease of the heart and lung. We believe that, by this amendment, the Legislature evidenced an intent to make the Commonwealth primarily liable for compensation to firemen who suffer from heart and lung diseases. Since the Occupational Disease Act and the Heart and Lung Act are so closely related in subject matter and scope, such legislative intent, as evidenced by the Occupational Disease Act amendment, must be applied to the Heart and Lung Act to reach a uniform result. The Statutory Construction Act of 1972, 1 Pa. S. §§1927 and 1932.

We, therefore, hold that where a city has made payments to disabled firemen under the Heart and Lung Act for a disability also compensable under the Occupational Disease Act, that city is entitled to be reimbursed for said payments to the extent the fireman is entitled to compensation under the Occupational Disease Act.

The decision of the lower court is affirmed.