Dorothy M. Walker, Widow of Howard N. Walker, Deceased, Appellant, *v.* Workmen's Compensation Appeal Board, Commonwealth of Pennsylvania, Department of Transportation and State Workmen's Insurance Fund, Insurance Carrier, Appellees.

Argued January 9, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Ewing B. Pollock,* with him *Pollock, Pollock & Thomas,* for appellant.

*John E. O'Connor,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, March 26, 1975:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (board) reversing a referee and denying benefits to Dorothy M. Walker (claimant).

On November 18, 1971 Howard N. Walker (decedent), the claimant's husband, was employed by the Pennsylvania Department of Highways[1] as a maintenance foreman whose primary duties were to place the other employes at work and to keep their time sheets. On the morning of that date he reported for work at a tool shed and then proceeded to Legislative Route 30031 in Greene County where his maintenance crew of three men was erecting a snow fence. Shortly after arriving there, the decedent decided that more fencing would be needed and so he drove alone in a pick-up truck to the site where it was being stored, about two miles away. When he returned about twenty minutes later with the additional fencing, he complained about pains in his stomach. One of the crew members drove him home and, about a half-hour later, when the claimant returned home from an errand, she found her husband dead. The cause of death was arteriosclerotic heart disease and, as his doctor testified, the decedent had had a weak heart condition since 1966 when he suffered a coronary occlusion. His widow filed a fatal claim petition and after a hearing, a referee awarded benefits. The Board reversed and this appeal followed.

Our scope of review is, of course, limited to a determination of whether or not constitutional rights were violated, an error of law was committed or necessary findings of fact were unsupported by substantial competent evidence. *Anderson v. Independent Pier Co.*, 13 Pa. Commonwealth Ct. 268, 320 A.2d 925 (1974). Where the board has taken no additional evidence, the ultimate fact finder is the referee who must determine questions of

---

1. Now the Department of Transportation.

credibility and evidentiary weight so that the board and the reviewing court must rely on facts found by the referee so long as they are supported by sufficient competent evidence. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). The referee here found that Mr. Walker died as a result of an accident while in the course of employment and, after reviewing the record, we believe that the medical testimony, when read as a whole, establishes the necessary causal connection between Mr. Walker's work activities on November 18, 1971 and his subsequent heart attack. The board was, therefore, in error when, without taking additional evidence, it submitted its own finding that the "(d)ecedents death was not induced by over-exertion at work."

The claimant must also, of course, establish that her husband suffered a compensable accident within the meaning of the Workmen's Compensation Act[2] and for that purpose she relies on the unusual strain doctrine. A crucial factor in the application of that doctrine, however, involves the question of whether or not the act causing the injury was unusual and untoward in the course of the employment in which the employee was engaged. *See Bayuk Cigar Company v. Hawn,* 8 Pa. Commonwealth Ct. 45, 300 A.2d 837 (1973). The doctrine must be applied according to the work history of the individual involved and not according to the work pattern of his profession in general. *Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A.2d 601 (1969).

An accident may not be inferred from the fact that an employee sustains a heart attack as the result of exertion necessary for the performance of his usual duties. *Billick v. Republic Steel Corporation,* 214 Pa. Superior Ct. 267, 257 A.2d 589 (1969). Moreover, the doing of an occasional act involving sustained muscular effort may

---

2. Act of June 2, 1915, P.L. 736, *as amended,* Section 101 et seq., 77 P.S. §1 et seq.

be part of the usual duties of a workman and, though the work is hard, if it is of the same kind and quantity and done in the same manner as it has been performed in the past, disability resulting from the exertion does not constitute an accident. *McGowan v. Upper Darby Pet Supply,* 207 Pa. Superior Ct. 329, 217 A.2d 846 (1966).

The evidence here indicated that the decedent, after parking his truck near the location where the snow fencing was being stored, would have had to climb an embankment, surmount a three foot high field fence, lift the fifty to seventy-five pounds of fencing back over the field fence, roll it back down the embankment and lift it onto the truck. The evidence is ambivalent on the key issue of whether or not these activities were unusual with respect to the decedent's work history. His supervisor testified that the performance of such labor was not part of his normal work requirements and one of the decedent's own work crew stated that he had never seen the decedent lift fencing before. The supervisor also indicated, however, that he had seen Walker perform harder work. Unfortunately, the referee made no finding of fact to the effect that the activities which precipitated the heart attack were unusual for the decedent. We have no choice, therefore, but to remand.

"Where the proper fact finder fails to make a finding on a crucial issue, an appellate court can only remand to cure the error despite the unfortunate delay to the parties." *Greene v. Marger, Inc.,* 12 Pa. Commonwealth Ct. 423, 426, 317 A.2d 358 (1974). It would certainly be helpful to conduct another hearing in this case so that the crucial facts relating to the decedent's work history might be further elucidated.

We, therefore, issue the following

## ORDER

Now, March 26, 1975, the record in this case is remanded to the Workmen's Compensation Appeal Board

which may remand the case to a referee pursuant to Section 419 of The Workmen's Compensation Act, 77 P.S. §852, to determine the necessary and proper findings of fact or, which, in the alternative, shall itself take additional testimony and thereafter enter a proper adjudication, pursuant to Section 423 of The Workmen's Compensation Act, 77 P.S. §854.