Rodney A. McIntosh *v*. Borough of Pleasant Hills. Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania. Borough of Pleasant Hills, Appellant.

Argued May 6, 1976, before President Judge Bow-MAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Joseph B. Bagley,* with him *Bagley, Weaver & Sydor,* for appellant.

*Leonard P. Kane, Jr.,* with him *Brandt, McManus, Brandt & Malone,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, June 25, 1976:

Following an injury that occurred during the course of his employment as a police officer, Rodney A. McIntosh (claimant) has continued to receive, during his recuperation, his salary from the Borough of Pleasant Hills (Borough). The Borough, pursuant to the provisions of Section 1 of the Act of June 28, 1935, P.L. 477, *as amended* (Heart and Lung Act), 53 P.S. §637, has been receiving claimant's workmen's compensation benefits from the Northwestern National Insurance Group (Insurer). On October 19, 1974, Insurer tendered its last payment to the Borough. Then, on October 24, 1974, Insurer filed a petition for termination, alleging claimant's ability to return to work on October 14, 1974.[1] Nevertheless, as of the time of this appeal claimant had not yet returned to work and was still receiving his salary from the Borough.

After several hearings, a referee denied Insurer's termination petition and ordered Insurer to continue

---

[1] Insurer has since pursued all steps of this litigation in the name of the Borough when, in actuality, the Borough has had an interest adverse to Insurer in the outcome of at least part of the litigation.

its payments to the Borough. The Workmen's Compensation Appeal Board (Board), without taking additional evidence, affirmed. This appeal followed.

Insurer, as the party petitioning to terminate the compensation agreement, was required to carry the burden of proving that claimant was no longer entitled to disability compensation. *Workmen's Compensation Appeal Board v. Mushroom Transportation Company,* 18 Pa. Commonwealth Ct. 177, 334 A.2d 788 (1975). Therefore, because the decision was against the party bearing the burden of proof, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Mushroom Transportation Company, supra.*

Insurer, pointing to this Court's opinions in *Workmen's Compensation Appeal Board v. Mifflin-Juniata State Health Foundation,* 19 Pa. Commonwealth Ct. 133, 338 A.2d 691 (1975), and *Workmen's Compensation Appeal Board v. Guzman,* 18 Pa. Commonwealth Ct. 275, 334 A.2d 852 (1975), contends that the testimony of its physician, Dr. Charles F. Berg, was sufficient, *as a matter of law,* to sustain its burden of proof and that, pursuant to *Anderson v. Independent Pier Co.,* 13 Pa. Commonwealth Ct. 268, 320 A.2d 925 (1974), claimant was then required to come forward with rebutting evidence, a task Insurer contends claimant failed to carry out. Initially, we note that both *Mifflin-Juniata* and *Guzman merely held* that the respective petitioners' physician witnesses' testimony was, under the circumstances of those cases, enough to support the referees' findings that disability had terminated. In the instant case, the referee found that the disability continued. Additionally, *Anderson* merely reviewed the Board's analysis under

the facts of that case. It certainly did not set forth new law providing for the shifting of the burden of proof in termination petitions once the petitioner had introduced evidence to support its petition.

Here the referee did not capriciously disregard competent evidence in finding a continuation of the disability, for the claimant himself and his physician witness both testified as to the continuation of the disability. The resolution of the conflict between the testimony for Insurer and the testimony for claimant was for the referee. We, as a reviewing appellate court, are required by law to leave the resolution of questions of credibility to factfinders. *Workmen's Compensation Appeal Board v. Inter-State Tile and Mantel Co., Inc.*, 20 Pa. Commonwealth Ct. 178, 341 A.2d 218 (1975).

Insurer also objects to the claimant's use of the Borough's counsel before the referee and to the Borough's adverse stance to Insurer's petition. Insurer urges, under alleged equitable principles, that the Borough be denied subrogation. However, Insurer misconstrues the law. We are not here confronted with equitable subrogation in the traditional sense or as otherwise provided under The Pennsylvania Workmens Compensation Act.[2] The provisions of Section 1(a) of the Heart and Lung Act are controlling here. That section provides in part that "any policeman, fireman or park guard of any county, city, borough, town or township, who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid ... by the county, township or municipality by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

bills, incurred in connection with any such injury, shall be paid . . . by such county, township or municipality. During the time salary for temporary incapacity shall be paid . . . by the county, city, borough, town or township, any workmen's compensation received or collected by any such employe for such period, shall be turned over . . . to such county, city, borough, town or township, and paid into the treasury thereof, and if such payment shall not be so made by the employe the amount so due . . . the county, city, borough, town or township shall be deducted from any salary then or thereafter becoming due and owing." To require the Borough to abandon its statutory rights would result in an outcome not intended by the General Assembly. *Cf. Commonwealth of Pennsylvania v. City of Oil City,* 15 Pa. Commonwealth Ct. 544, 328 A.2d 170 (1974).

Therefore, we issue the following

## ORDER

AND Now, this 25th day of June, 1976, the order of the Workmen's Compensation Appeal Board affirming a referee's denial of the termination petition of the Northwestern National Insurance Group, affirming the referee's order of continuation of benefits payable to the Borough of Pleasant Hills with interest of 10 percent on deferred payments, and affirming the referee's order granting medical expenses previously not paid, is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.