Teledyne Standard Collapsible Tube and Argonaut Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Adele Saden-wasser, Respondents.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*John K. Lewis,* with him, *Keith R. McMillen, Duplaga, Tocci, Palmieri & McMillen,* for respondents.

OPINION BY JUDGE WILKINSON, JR., May 28, 1980:

Petitioner (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which

affirmed the order of a referee reinstating workmen's compensation benefits payable to respondent (claimant) pursuant to section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. We affirm.

On June 11, 1975, while in the course of her employment as a manual tube capper, claimant sustained back injuries. In September of 1975 the employer and its insurance carrier filed a Notice of Compensation Payable providing for the payment of compensation as a result of the back injuries. Claimant returned to work on April 5, 1976 but worked only until April 12, 1976 at which time her disability recurred. Claimant again received total disability benefits. After the employer filed a Modification Petition alleging that claimant was able to return to her former employment or similar employment without a loss in earning power and requesting a suspension of compensation, and after several hearings on the case, claimant returned on May 17, 1977 to work which the employer had made available. The referee ordered benefits suspended.

Claimant's assignment on May 17, 1977 was to work at an automatic tube capping machine. After working for approximately three and one-half hours claimant began to experience severe pain in her right arm and hand. She was taken to the Medical Center of Beaver County where a diagnosis of chronic shoulder disorder was made. Claimant has not worked since May 17, 1977. On December 12, 1977 claimant filed a Review Petition which was treated as a Reinstatement Petition, alleging that she had suffered a recurrence of her employment related injuries and was totally disabled for her present employment. After various hearings were held, the referee found that claimant suffered a recurrence of the disability resulting from her June 11, 1975 injury and ordered reinstatement of compensation. The Board affirmed the referee's order.

The question raised in this appeal is whether there was medical evidence to support the referee's finding of fact that claimant suffered a recurrence of the disability from her June 11, 1975 injury. The referee took medical testimony from claimant's treating physician and from the orthopedic surgeon who examined claimant on behalf of the employer and its insurance carrier. In his deposition the claimant's physician stated that claimant was suffering from generalized muscular fibromyositis, an inflammatory condition of the muscles and soft tissues; he opined that claimant's fibromyositis was directly related to her tube capping work. In his testimony before the referee, claimant's physician indicated that claimant's work has caused marked muscle impairment and loss of elasticity in the area from the back of the shoulders, across the cervical area and down both arms. When he was asked by the referee if claimant's disability was work related, the doctor responded that he could not honestly answer that question because he did not know whether or not the work activity was a precipitating cause. Later the doctor was asked the same question by the referee, and he answered affirmatively that claimant's condition was the result of her work activity. The employer's medical witness testified that the claimant's complaints were not corroborated by his clinical findings and that he had no objective medical evidence that claimant was not capable of performing her work duties.

In focusing upon the dialogue between claimant's physician and the referee, the employer contends that the testimony by claimant's doctor was inconsistent and insufficient to support the referee's finding. It is well settled that the referee as fact finder not only resolves questions of credibility and makes choices between conflicting evidence; he also may, in lawful exercise of his broad discretion, accept or reject the

testimony of any witness in whole or in part. *Borough of Rochester v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 514, 409 A.2d 918 (1980). This is especially true when, as in the instant case, the witness explains his prior inconsistent testimony as being the result of misunderstanding the earlier question.

Accordingly, we will enter the following

## ORDER

AND NOW, May 28, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-77010, dated August 23, 1979, reinstating compensation payable under Notice of Compensation Payable No. 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, filed September 30, 1975, is affirmed. It is ordered that judgment be entered in favor of claimant Adele Sadenwasser and against Teledyne Standard Collapsible Tube and/or its insurance carrier Argonaut Insurance Company in the amount of $85.50 per week beginning on May 18, 1977 and continuing so long as the disability lasts, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Teledyne Standard Collapsible Tube and/or its insurance carrier Argonaut Insurance Company is directed to pay the following medical costs and costs of prosecution:

Radiologists Billing and Collection Offices
185 Virginia Avenue
Rochester, PA  15074 . . . . . . . . . . . . . . . $ 38.00

Medical Center of Beaver County
900 Third Avenue
Beaver Falls, PA  15010 . . . . . . . . . . . . . $290.73

Dr. John W. Lehman
811 13th Street
Beaver Falls, PA 15010 ............. $ 50.00

Adrian Chiropractic Center
1921 West U.S. 223
Adrian, MI 49221 ................... $172.50

Dr. Joseph P. Tritschler
603 Fourth Avenue
New Brighton, PA 15066 ............ $500.00

Teledyne Standard Collapsible Tube and/or its insurance carrier Argonaut Insurance Company is directed to reimburse claimant for reasonable costs of treatment and prescriptions in the amount of $266.00. Reasonable attorney's fees in the amount of $1,675.00 are approved, and Teledyne Standard Collapsible Tube and/or its insurance carrier Argonaut Insurance Company is further directed to deduct said sum from the deferred compensation due the claimant and to forward it directly to Keith R. McMillen, claimant's attorney. All remaining payments of compensation, interest and the aforementioned costs of $266.00 shall be paid directly to Adele Sadenwasser.