K-Mart Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Michael A. Phillips, Sr., Respondents.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Albert G. Feczko, Jr., Feczko and Seymour,* for petitioner.

*William F. Caruthers, Caruthers & Bruce,* for respondent, Michael A. Phillips, Sr.

OPINION BY JUDGE CRAIG, January 12, 1981:

In this workmen's compensation case, K-Mart Corporation (employer) appeals a referee's dismissal of its petition to terminate benefits to claimant Michael A. Phillips, which the board[1] affirmed.

The claimant, a security chief, was injured in October, 1974 when he slipped and fell while chasing two shoplifters. The employer executed a notice of compensation payable on November 26, 1974, which awarded benefits to the claimant for a pulled ligament in his "knee."[2] The employer filed the petition to terminate on January 7, 1977, contending that the claimant had recovered from the injury sustained and was not permanently disabled. The referee granted a supersedeas.

---

[1] Workmen's Compensation Appeal Board.

[2] The notice of compensation payable did not specify which knee was injured; it simply stated "pulled ligament in knee."

At the hearings, Dr. Ferguson, an orthopedic surgeon testifying for the employer, stated unequivocally that the claimant was no longer disabled from the injury he sustained at work. The claimant testified to an original work-related injury to his left knee, followed by an operation upon that knee, and an aggravation of a pre-existing right knee condition because of the stress resulting from his inability to use the left knee. He also complained of neck and back problems arising from the strain. The claimant submitted two depositions of his treating orthopedic surgeon, Dr. Barua.

The referee concluded that the employer had failed to establish that disability stemming from the injury had ceased; he found that the claimant remained totally disabled, and ordered the employer to reinstate compensation.

The employer presents two contentions in urging us to reverse. First, it asserts that the claimant produced no "clear and convincing medical evidence" to prove his continuing disability.

This contention ignores the salient premise that the employer has the burden of proving that the disability for which it agreed to pay compensation has ceased. *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978). Upon the employer's presentation of evidence, the burden did not shift to the claimant to prove his continuing disability. *McIntosh v. Borough of Pleasant Hills*, 25 Pa. Commonwealth Ct. 311, 360 A.2d 273 (1976).

When the decision below is against the party with the burden of proof, our review is limited to a determination of whether the referee's findings can be sustained without a capricious disregard of competent evidence. *McIntosh, supra.*

Here, the referee did not capriciously disregard competent evidence in finding a continuation of disability; although his medical witness did not so testify, the claimant himself stated that he could not return to work because of his condition. *Maple Press Co. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 549, 422 A.2d 722 (1980).

Resolution of the conflict between employer's witness' testimony and that of the claimant was for the referee, and we cannot disturb it on appeal. *George v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 16, 394 A.2d 1080 (1979).

Employer's second claim is that the evidence presented by the claimant was insufficient to support the referee's finding that the claimant's present condition was caused by the original work injury. The referee found that claimant's original injury was to his left knee; that the stress resulting from the operation on that knee and its immobilization aggravated a pre-existing condition in his right knee, and caused back problems; and that these conditions "are related to the original injury of October 3, 1974. . . ."

Dr. Barua's testimony did not display a seamless consistency; in the first deposition, he stated that claimant's right knee condition "could" have developed from an injury he sustained in the service; but he also agreed that the injuries to the right knee, the back and neck could have occurred at the same time as the original work injury.

In the second deposition, Dr. Barua unequivocally stated that the injury to claimant's left knee aggravated a pre-existing condition in his right knee, and that his back condition was caused by the work injury.

As the factfinder, the referee not only resolves questions of credibility, but also may accept or reject the testimony of any witness, in whole or in part.

*American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). This broad discretion extends even to situations where a witness' testimony is internally inconsistent. *See Foster Wheeler Energy Corp. v. Ustonofski,* 53 Pa. Commonwealth Ct. 473, 417 A.2d 1334 (1980); *Teledyne Standard Collapsible Tube v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 566, 415 A.2d 113 (1980). As Judge MENCER stated, in a case where the employer had alleged that the witness' testimony on cross-examination was inconsistent with his testimony on direct, "[e]ven if [the testimony] were contradictory, such testimony would not affect the unequivocality of [the doctor's] direct testimony, but would merely go to the issue of his credibility, an issue for the referee, not this court." *Foster Wheeler, supra,* at 473, 417 A.2d at 1336.

The referee found that "the testimony and/or reports of Dr. Barua are more credible than that of Dr. Ferguson, the defendant's medical witness." The record reveals substantive evidence supporting Dr. Barua's credibility: he was the only witness who had actually studied the claimant's right knee internally, in the course of the operation he performed.

Thus, because we cannot question the referee's assessment of the witnesses' credibility or his choice as to what part of their testimony to believe, we must affirm his conclusion that the claimant's present condition was caused by the original injury.

Accordingly, we affirm.

ORDER

AND Now, this 12th day of January, 1981, the order of the Workmen's Compensation Appeal Board, No. A-77356, affirming a referee's denial of the termination petition of the S. S. Kresge Company, K-Mart

Corporation, self-insured, affirming the referee's order of continuation of benefits payable to Michael A. Phillips with interest of 10% on deferred payments, and affirming the referee's order granting certain medical expenses and bills of cost, is hereby affirmed.

