Bernard C. Jasper, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Teledyne Columbia/Summerill, Respondents.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* with him *Alexander J. Pentecost,* for petitioner.

*James A. Wood,* for respondents.

OPINION BY JUDGE BLATT, April 2, 1981:

The petitioner, Bernard C. Jasper, seeks review of a decision of the Workmen's Compensation Appeal Board (Board).

The petitioner, employed by Teledyne Columbia/Summerill (employer) since 1940, suffered a back injury on April 3, 1978, while in the course of his employment. The injury caused him to experience pain in his left hip and leg for which he received medical treatment at the time and for which he subsequently underwent surgery for the removal of a ruptured disc. He then applied for workmen's compensation benefits and presented medical evidence in the form of a deposition from a specialist in neurology who had treated him, indicating that the injury was work-related, that his condition at his last examination on October 10, 1978, was "normal", and that he was "discomfort free" at that time. The referee found that he had suffered a work-related temporary total disability which began on April 4, 1978, and ended on October 9, 1978, and benefits were granted for that period. The Board affirmed the referee's determination and the petitioner brought this appeal claiming that his total disability was permanent, not temporary.

Generally, a claimant seeking workmen's compensation benefits has the burden of proving the elements

of his case by substantial evidence, *Novaselec v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 550, 332 A.2d 581 (1975), and there is no dispute that the petitioner here established that he suffered a total disability at least until October 9, 1978. The referee, however, found that disability had not been established as of or after October 10, 1978. And, where the decision of a referee is adverse to the party with the burden of proof, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Pizzo*, 21 Pa. Commonwealth Ct. 370, 346 A.2d 588 (1975).

It is argued that this case evidences a capricious disregard of competent evidence in that the referee ignored the conclusion of the petitioner's medical witness that his injury would not allow him to perform the bending and heavy lifting required in his former employment and that such an inability to fulfill the requirements of his old position established a continuing total disability.

The record reveals, however, that the testimony of the petitioner's expert was internally inconsistent in that he stated at one point that the petitioner's condition was normal and yet, at another point, he said that the petitioner was still restricted by his injuries. It is axiomatic that a referee can accept or reject the testimony of any witness, in whole or in part, *Teledyne Standard, Inc. v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 566, 415 A.2d 113 (1980), and it is obvious that here the referee accepted that part of the expert's testimony as to the normalcy of the petitioner's condition as of October 10, 1978, and rejected the statement that the petitioner's ability to perform his job functions thereafter was inhibited.

We will, therefore, affirm the order of the Board.

ORDER

AND, Now, this 2nd day of April, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed and judgment is hereby entered in favor of Bernard C. Jasper against Teledyne Columbia/Summerill and/or Argonaut Insurance Company in the amounts and for the duration specified in the order of the referee below.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.