Bethlehem Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Marcelino Garcia, father of Joseph R. Garcia, deceased, Respondents.

Marcelino Garcia, father of Joseph R. Garcia, deceased, Petitioner *v.* Commonwealth Of Pennsylvania, Workmen's Compensation Appeal Board and Bethlehem Steel Corporation, Respondents.

Argued February 1, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG, and MACPHAIL, sitting as a panel of three.

60

*Michael P. Shay, Sigmon & Ross, P.C.,* for petitioner, Bethlehem Steel Corporation.

*Richard J. Orloski, Stamberg, Caplan & Calnan,* for respondent and cross-petitioner, Marcelino R. Garcia.

OPINION BY JUDGE CRAIG, February 26, 1982:

The estate of claimant Marcelino A. Garcia and Bethlehem Steel Corporation (employer) cross-petition for review of an order by the Workmen's Compensation Appeal Board setting aside a referee's decision which had dismissed claimant's fatal claim petition on the basis that the death of the claimant's son was intentionally self-inflicted.[1]

---

[1] Section 301 (a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L 736, *as amended*, 77 P.S. §431, provides:

> Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by

After finding that the claimant had been partially dependent upon his deceased son (decedent), the referee concluded that the "claimant and/or his estate"[2] was not entitled to compensation or burial expenses. The relevant findings are:

9. At approximately 5:50 p.m. on June 22, 1975, while on the premises of Defendant employer and during decedent's normal working hours, decedent sustained fatal injuries, including a depressed skull fracture and crushing injuries of the chest with multiple fractures, suffered as a result of falling approximately one hundred feet from the south window of the small bag house, whereupon decedent was pronounced dead at 6:32 p.m. on June 22, 1975.

10. The referee finds that the decedent, through voluntary act, purposely and intentionally jumped or fell from the south window of the small bag house, thereby sustaining fatal injuries, based on the following facts found by the referee:

(a) Decedent's work station was not in the small bag house and decedent had no occupational reason to be in said location on June 22, 1975,

---

an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence, according to the schedule contained in sections three hundred and six and three hundred and seven of this article: Provided, *That no compensation shall be paid when the injury or death is intentionally self inflicted, or is caused by the employe's violation of law, but the burden of proof of such fact shall be upon the employer....* (Emphasis supplied.)

[2] Claimant Marcelino Garcia died on April 1, 1977, while the matter was pending before the referee.

(b) Claimant's manner and attitude was different in the month next preceding his death in that he was unusually quiet,

(c) on June 22, 1975, shortly before his fall, decedent's skin coloration was pale and he appeared to be short of breath.

(d) Decedent climbed a railing 42 inches in height and crossed over an opening or a gap 27 inches in width and approximately 13 feet in depth to reach the south windowsill of the small bag house, a condition precedent making it extremely improbable for the decedent to have accidentally fallen from said windowsill,

(e) decedent's apparent downward exit being head first,

(f) decedent's helmet and gloves being dropped or thrown from said small bag house window prior to decedent's fall

(g) decedent's preexisting deteriorating physical condition, and

(h) no evidence of negligent or criminal activity by another or others to cause said incident.

To rebut the presumption against suicide, the employer must demonstrate by a preponderance of the evidence that death was intentionally self-inflicted. *Wellinger v. Brackenridge Borough*, 149 Pa. Superior Ct. 394, 27 A.2d 716 (1942); *Ewing v. Alan Wood Steel Co.*, 138 Pa. Superior Ct. 519, 12 A.2d 121 (1940).

Here, the referee formally concluded that the proofs more than met that standard; he held that "[d]efendant proved by clear and convincing evidence that decedent's injury and resulting death on 6/22/75 was intentionally self-inflicted within the meaning of Section 301 (a) of the Act."

The board affirmed the referee's finding that the claimant had been only partially dependent upon the decedent, and, without taking additional evidence, substituted its own finding on the issue of suicide, stating:

10. The Referee's finding that the Decedent voluntarily, purposely and intentionally jumped or fell thereby sustaining fatal injuries equally permit an inference of accidental death as well as suicide.

The board then listed the same eight sub-findings that the referee had set forth, and awarded compensation to decedent's estate from the date of his death until the date of the claimant's death. In its discussion, the board noted that there were other facts present in the record,[3] not found by the referee, which "would tend to lead a fact finder to come to [a] conclusion" other than that the decedent took his own life.

Where the facts permit an inference of accidental death as well as an inference of suicide, the choice between those inferences is for the factfinder and not for the reviewing authority. *Rittenberg v. Abbott Laboratories*, 158 Pa. Superior Ct. 400, 45 A.2d 400 (1946); *Hunter v. American Oil*, 136 Pa. Superior Ct. 563, 7 A.2d 479 (1939). The referee's findings based on

---

[3] The board stated:

Some of these facts are that within minutes before his death, the Decedent was inquiring about the availability of soda on the premises; that the maintenance crew had only recently opened the windows in the area where the Decedent fell; that the unidentified footsteps going to the windows could have belonged to persons other than the Decedent; that the Decedent was basically a happy, outgoing, jolly and jovial man; that the Decedent had no suicidal tendencies; and that although the Decedent was suffering from various maladies, none of these were life threatening. One can only wonder why the Referee failed to mention any of these facts.

such an inference must be sustained unless "the evidence to the contrary is so clear, positive and credible and either uncontradicted or so indisputable in weight and amount as to justify" setting aside the decision. *Brecker v. Philadelphia & Reading Coal and Iron Co.*, 138 Pa. Superior Ct. 421, 424, 10 A.2d 827, 828 (1940).[4]

Although we ourselves could have reached a finding of accidental death, the referee, in his exclusive function as factfinder and arbiter of credibility, *Jasper v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 208, 427 A.2d 740 (1981), evaluated the testimony and came to a differrent conclusion. Without holding that those findings were unsupported by the record, the board emphasized other evidence as the basis for reaching its own inference and reversing.[5]

We cannot hold as a matter of law that the evidence cited by the board fulfills the requisite standard under which the factfinder's decision may be set aside. *Wellinger.*

---

[4] Counsel for the claimant apparently misinterprets this standard, arguing that the *employer* must present evidence of this weight in order to rebut the presumption against suicide. *Hunter, Brecker, Ewing v. Alan Wood Steel Co.*, 138 Pa. Superior Ct. 519, 12 A.2d 121 (1940) and *Tuttle v. Holland Furnace Company*, 111 Pa. Superior Ct. 290, 169 A. 462 (1933) hold only that there must be clear and positive evidence in the record to justify (the board or) a reviewing court in setting aside a referee's decision as being against the evidence. With the Commonwealth Court's exclusive jurisdiction of workmen's compensation appeals, 42 Pa. C. S. §763, and our holding in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), that the referee and not the board is the ultimate factfinding authority, we believe that the maxim of the older cases is equally applicable for purposes of both the board's and this court's review of the referee's decision.

[5] *See* footnote 3, *supra.*

Nor does the claimant's contention that the referee made erroneous evidence determinations persuade us to affirm the board. Section 422 of the Act, 77 P.S. §834 states:

Neither the Board nor any of its members, nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same.

Our examination of the record indicates that the referee properly exercised his discretion with respect to the weight, credibility and admissibility of the evidence presented to him.

Because we reverse the board and reinstate the referee's decision denying benefits to the claimant, we need not reach the claimant's contention that he was wholly dependent upon the decedent, nor the employer's challenge to the board's award of counsel fees.

### ORDER

Now, February 26, 1982, the order of the Workmen's Compensation Appeal Board, dated November 16, 1980, No. A-74282, is reversed, and the order of the referee, dated November 4, 1977, No. F.C. 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, denying benefits to the claimant, is reinstated.