645 A.2d 333

**Paul T. McCOMMONS, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 12, 1994.

Decided June 22, 1994.

Petition for Allowance of Appeal Denied Dec. 5, 1994.

James L. McAneny, for petitioner.

Joanna N. Reynolds, Asst. Counsel, for respondent.

Before COLINS and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Corporal Paul T. McCommons (Claimant) appeals from the order of the Commissioner of the Pennsylvania State Police (Commissioner) denying Claimant's claim for benefits under the Heart and Lung Act (Act).[1] We affirm.

Claimant is a latent fingerprint examiner with the Pennsylvania State Police. He is also President of the Pennsylvania State Troopers Association (PSTA) and chairman of the Fraternal Order of Police Grievance Board. On March 19, 1992, Claimant was injured in a car accident while en route to Harrisburg for a meeting of the joint grievance committee. The joint grievance committee was established pursuant to the collective bargaining agreement between the Commonwealth and the PSTA. In accordance with that agreement, Claimant was granted administrative leave to attend the meeting.

Claimant applied for benefits under the Act for the period of time he had missed from work due to injuries he sustained in the accident. Claimant was denied benefits on the grounds that he was not injured while in the performance of his duties, as required by the Act.[2]

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637, 638.

2. The relevant portion of the Act states that "[a]ny member of the State Police Force ... injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid ... his full rate of salary ... until the disability arising therefrom has ceased." Section 1(a) of the Act, 53 P.S. § 637(a).

Claimant appealed this determination. Following an administrative hearing, the hearing examiner concluded that Claimant was performing union duties, not police duties, at the time he incurred his injuries, and that Claimant was, therefore, ineligible for benefits under the Act. The Commissioner affirmed.

■ Claimant appeals to this Court,[3] asserting that the Commissioner erred in concluding that Claimant's activities at the time of the accident did not constitute the performance of police duties.[4] At issue is the interpretation of the phrase "performance of his duties", which the Act does not define.

■ Claimant maintains that the "performance of his duties" standard in Section 1(a) of the Act is not distinct from the standard of work-relation applied under the Worker's Compensation Act.[5] Section 301(c) of the Worker's Compensation Act, 77 P.S. § 411(1), provides benefits for "an injury to an employe, ... arising in the course of his employment and related thereto...." Claimant asserts that language contained in prior decisions of this Court involving claims under the Act suggest the proper interpretation to be applied here. *See, e.g., Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 153 Pa.Commonwealth Ct. 403, 404, 621 A.2d 1111, 1112 (1993) (describing claimant's injury as "work-related"), and *Adams v. Lawrence Township Board of Supervisors,* 153 Pa.Commonwealth Ct. 418, 420, 621 A.2d 1119, 1120 (1993) (police officer injured "in the course of his employment").

3. Our scope of review in an appeal from a final order of a Commonwealth agency is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Claimant also alleges that the Commissioner committed an abuse of discretion by granting opposing counsel an extension of time in which to file a reply brief. Upon review of the record, we conclude this allegation is without merit. *See Hartman v. State Board of Optometry,* 123 Pa.Commonwealth Ct. 423, 554 A.2d 579 (1989) (grant of extension to file brief did not by itself constitute evidence of bias).

5. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

However, in *Colyer v. Pennsylvania State Police,* 165 Pa.Commonwealth Ct. 41, 644 A.2d 230 (1994), the Court noted that the Act differs from the Worker's Compensation Act in several important respects:

> The purpose of the Worker's. Compensation Act was to substitute a method of accident insurance in place of common law rights and liabilities for all employees covered by its provisions.... The Worker's Compensation Act provides five general types of benefits: earnings loss benefits for total or partial disability; specific loss benefits; death benefits; medical benefits; and illegally employed minor's benefits. Earnings loss benefits are calculated according to a statutory formula and represent that portion of a claimant's average weekly wage which is lost due to a work-related disability.... The provisions of the Worker's Compensation Act are to be liberally construed....

> In contrast, the purpose of the Heart and Lung Act is to provide important public safety personnel with *full* compensation while disabled from an injury which occurs in the performance of duty. In addition, Section 2 of the Act, 53 P.S. 638, states that no such absence from duty shall be included in any period of allowed sick leave. Unlike worker's compensation law, the Act provides compensation only where disability is temporary, and does not apply where disability is permanent.... Finally, the Statutory Construction Act, 1 Pa.C.S. § 1928(b)(8), requires that the language of the Heart and Lung Act be strictly construed.

*Id.,* at 46–47, 644 A.2d at 233. (emphasis in original) (citations and footnote omitted).

The *Colyer* court also relied on the legislature's use of different language in Sections 1(a) and 1(b) of the Act as evidence that the legislature intended to distinguish the standard of work-relation required under each section.[6] The court held that the standard of work-relation set forth in the Work-

---

6. The language in Section 1(b) of the Act includes "arising directly out of the employment", but this section applies only to diseases of the heart and tuberculosis of the respiratory system.

er's Compensation Act does not apply where benefits are sought under Section 1(a) of the Act.

Claimant further submits that the court's interpretation of the Act of June 24, 1976, P.L. 424, *as amended,* 53 P.S. § 891, which provides death benefits to survivors of firefighters, ambulance or rescue squad members, and law enforcement officers who are killed "in the performance of their duties", is instructive. *See Crouse v. Department of General Services,* 529 Pa. 26, 601 A.2d 789 (1992) (claimant must establish an injury which would not have occurred but for the "performance of duty-related activity"). However, in *Buchanan v. Pennsylvania State Police,* 152 Pa.Commonwealth Ct. 608, 620 A.2d 575 (1993), the court declined to apply the language in *Crouse* to a claim under the Act because, as here, different statutes were at issue.

■ Thus, our determination is limited to whether Claimant's activities at the time of his injury encompassed the performance of his duties as contemplated by the Act.

■ Claimant argues that, pursuant to the contractual provisions governing his employment, he was required to meet as a committee member at least once a month and to review and process grievances without loss of pay or leave time. But Claimant does not assert that his obligations as a member of the joint grievance committee or as PSTA President constitute duties assigned to him in his role as a police officer. The collective bargaining agreement, providing that Claimant could attend these meetings without loss of pay or leave time, simply establishes that Claimant had permission to do so, but fails to establish that Claimant's attendance constitutes performance of a police duty. The mere fact that Claimant's activities were related to his work is not sufficient to meet the performance of duty standard required under Section 1(a) of the Act.

Accordingly, the order of the Commissioner is affirmed.

## ORDER

NOW, June 22, 1994, the adjudication of the Commissioner of the Pennsylvania State Police, dated August 6, 1993, is affirmed.