**James JUSTICE, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 2003.

Decided July 29, 2003.

Keith J. Figured, Philadelphia, for petitioner.

James S. Marshall, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

James Justice (Claimant) petitions for review of the decision of the Bureau of Hearings and Appeals (BHA) of the Department of Public Welfare (DPW) adopting the recommendation of an administrative law judge (ALJ) that denied Claimant benefits under what is commonly referred to as the Heart and Lung Act.[1] We affirm, concluding at the time of his injury Claimant was not yet in the performance of his duties.

The facts are not in dispute. On February 7, 2002, at 6:55 a.m., Claimant, a forensic security employee/trainee at Norristown State Hospital (hospital), slipped and fell on the stairs and injured his knee. He was on his way to the second floor training room to start his 7:00 a.m. mandatory training session.

The hospital's employee benefits coordinator denied Claimant's request for Heart and Lung Act benefits, finding Claimant's fall did not come within the scope of the Heart and Lung Act because Claimant had not yet signed in to begin his shift.

After Claimant appealed, a BHA ALJ held a hearing. The ALJ determined Claimant was injured while engaged in the "preparatory activity of climbing the stairs to enter the training room before he began his work shift." Reproduced Record (R.R.) at 82a. Because the ALJ concluded Claimant was not injured in the performance of his job duties, she denied Heart and Lung Act benefits. Claimant seeks this Court's review of the adoption of that decision by a second BHA ALJ.[2] R.R. 84a.

■■■ Claimant's entitlement to workers' compensation is not in doubt. Rather, we address whether the full salary benefits afforded to important public safety personnel injured "in the performance of [their] duties" under the Heart and Lung Act apply. The Heart and Lung Act provides full salary benefits for temporary disability. *Griffin v. Pennsylvania Bd. of Prob. and Parole*, 756 A.2d 1203 (Pa.Cmwlth. 2000), *petition for allowance of appeal denied*, 566 Pa. 652, 781 A.2d 149 (2001). It differs from the Workers' Compensation Act in the amount of benefits and in the limitation to temporary disability. *Id.* Unlike the Workers' Compensation Act, the Heart and Lung Act is to be strictly construed. *Id.*

Claimant questions the determination that he was only engaged in preparatory activity. He argues that, as a trainee, his duties included mandatory training. Thus, he was duty bound to ascend the steps to the training room, and his injury during the ascension therefore arose in the performance of his duties.

We recently held that the dispositive inquiry is "whether the [employee] was engaging in an obligatory task, conduct, service or function that arose from his or her position as a [important public safety employee] as a result of which an injury occurred, irrespective of whether the [employee] was on duty at the time." *McLaughlin v. Pennsylvania State Police*, 742 A.2d 254, 257 (Pa.Cmwlth.1999).

---

1. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637—38.

2. This Court's review of a DPW adjudication is limited to whether an error of law was committed, whether findings of fact were supported by the evidence or whether constitutional rights were violated. Section 754(b) of the Administrative Agency Law, 2 Pa.C.S. § 754(b); *Perna v. Dep't of Public Welfare*, 807 A.2d 310 (Pa.Cmwlth.2002).

On the issue of whether an injury occurs in the performance of duties, recent decisions discuss two considerations: whether the employee was on or off duty, and what the employee was doing at the time of the injury. Excluded from consideration is the degree of hazard involved. *Colyer v. Pennsylvania State Police,* 165 Pa.Cmwlth. 41, 644 A.2d 230 (1994). Also, the site of the injury is completely irrelevant. *Allen v. Pennsylvania State Police,* 678 A.2d 436 (Pa.Cmwlth.1996). Each case involves a fact-sensitive weighing of the relevant considerations. *See McLaughlin,* 742 A.2d at 258, n. 2.

In *McLaughlin,* we stated that while on-duty/off-duty status is not dispositive of whether an injury occurred in the performance of duties, "it is certainly one factor to be considered. Where an officer is on duty, it is more likely that an injury which occurs is one that occurs in the performance of his duties in contrast to where an officer is not on duty and an injury occurs." *Id.* Consistent with this observation, we recently affirmed denial of Heart and Lung Act benefits to off-duty employees in numerous cases. *Lee v. Pennsylvania State Police,* 707 A.2d 595 (Pa.Cmwlth. 1998) (off-duty trooper injured while driving to state police facility to begin shift); *Allen* (trooper injured five minutes before start of shift while changing into uniform at state police facility); *Feineigle v. Pennsylvania State Police,* 680 A.2d 1220 (Pa. Cmwlth.1996) (off-duty trooper injured during voluntary weapon practice); *McCommons v. Pennsylvania State Police,* 165 Pa.Cmwlth. 280, 645 A.2d 333 (1994) (trooper on administrative leave injured traveling to union meeting).[3] In contrast, this Court recently awarded benefits in only one case where the injury occurred to an off-duty officer. *Donnini v. Pennsylvania State Police,* 707 A.2d 591 (Pa.Cmwlth.1998) (off-duty officer injured attempting to apprehend burglary suspect).

Regarding the activity giving rise to the injury, we inquire whether the function is obligatory, arising from the position as an important public safety employee. *McLaughlin.* Also, we inquire whether the employee is "injured as a result of an event which requires an official ... response." *Lee,* 707 A.2d at 598. Awards of benefits were affirmed in cases of injuries while returning to an official vehicle after a permitted mid-shift meal break,[4] while attempting to apprehend a felony suspect,[5] and while cooperating with an internal investigation.[6] Denials of benefits were ordered where the injuries arose while warming a personal vehicle before driving home from work,[7] while driving to work,[8] during voluntary practice with a service revolver during personal time,[9] while changing into uniform,[10] and while traveling to a union meeting.[11]

While each case must be evaluated on its own facts, it is impossible to distinguish this case from *Allen,* where benefits were

---

3. Benefits were granted to the following on-duty employees: *McLaughlin* (on-duty trooper returning to official vehicle after mid-shift meal, as permitted by regulations); *Colyer* (on duty officer required to cooperate with internal investigation arising from trial testimony).

4. *McLaughlin.*

5. *Donnini.*

6. *Colyer.*

7. *Mitchell v. Pennsylvania State Police,* 727 A.2d 1196 (Pa.Cmwlth.1999).

8. *Allen.*

9. *Feineigle.*

10. *Allen.*

11. *McCommons.*

denied to a trooper injured five minutes before the start of his shift while changing into uniform at the state police facility. In *Allen* we stated:

> We must agree ... that preparing for work, no matter how close chronologically to the beginning of one's shift, is not the same thing as performing one's duty. In the present case, we realize that the demarcation between preparing for duty and actually being on duty is somewhat tenuous. Nonetheless, based on a strict interpretation of the word "duty," we find that Claimant's actions in the present case do not fall within the parameters of that term for the purposes of the Act. *See Colyer; McCommons.*

*Id.* at 438. Thus, both the on-duty/off-duty status and the nature of the trooper's activities were considered. We concluded preparatory activities before the actual commencement of work did not amount to performance of duties. This reasoning applies with equal force here.

■ Claimant eloquently invites us to follow *McLaughlin* to a different result. We decline the invitation insofar as *McLaughlin* was injured while on duty, returning to his official vehicle after completing a regulation-permitted mid-shift meal. Claimant here was not yet on duty.

Accordingly, the decision of the Department of Public Welfare denying Heart and Lung Act benefits is affirmed.

## ORDER

AND NOW, this 29th day of July, 2003, this Court affirms the decision of the Department of Public Welfare.