NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2169
_____

PAULINE BAILEY, Administrator of the Estate of Wesley Sherwood, Jr.

v.

BS QUARRIES INC; DAMASCUS 535 QUARRY AND STONE PRODUCTS
LLC; DAMASCUS 535; TNT ONE LIMITED PARTNERSHIP;
TNT SERVICES CORP; LIPPMANN MILWAUKEE INC;
LIPPMAN QUALITY USED EQUIPMENT; VIRA CORPORATION;
TIMOTHY SMITH; THOMAS BOLLES

Damascus 535 Quarry and Stone Products, LLC,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-13-cv-03006
District Judge: Honorable James M. Munley

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 19, 2016

Before: SMITH, *Chief Judge,* McKEE, and SHWARTZ, *Circuit Judges*

(Filed: January 5, 2017)

_____

OPINION[*]
_____

SMITH, *Chief Judge.*

Appellant Damascus 535 Quarry and Stone Products, LLC, seeks interlocutory appellate review of an order denying summary judgment. Damascus argued that it is entitled to immunity from suit under Section 303(a) of the Pennsylvania Workers' Compensation Act because it was Decedent Wesley Sherwood Jr.'s employer. In denying summary judgment, the District Court held that there were genuine disputes of material fact that prevented it from determining who employed Sherwood and, in any event, Damascus was equitably estopped from raising the immunity defense. Because Damascus's challenge to the District Court's order is nothing more than a challenge to the sufficiency of the evidence that formed the basis of the District Court's determination that there is a genuine issue of material fact and we would have to overturn the District Court's determination to hold that Damascus has immunity, we lack appellate jurisdiction over this lawsuit under the rule of *Johnson v. Jones*, 515 U.S. 304 (1995).

On December 15, 2011, Sherwood died at work when he fell into a rock crusher. Pauline Bailey, Sherwood's mother and the executor of his estate, sued

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

B.S. Quarries, Inc., in state court. An attorney for B.S. Quarries wrote to Bailey's attorney, claiming that B.S. Quarries was immune from suit under Section 303(a) of the Pennsylvania Workers' Compensation Act. *See* 77 P.S. § 481(a) ("The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . ."); *City of Erie v. Workers' Comp. Appeal Bd.*, 838 A.2d 598, 602 (Pa. 2003) ("The statute seeks 'to provide recompense commensurate with the damage from accidental injury, as a fair exchange for relinquishing every other right of action against the employer.'" (quoting *Rudy v. McCloskey & Co.*, 35 A.2d 250, 253 (Pa. 1944))). The letter attached the "Affidavit of Timothy Smith, the President of B&S Quarries, Inc.," stating that, at the time of the accident, "Sherwood was a full-time employee of B&S Quarries, Inc." 503a, 505a.

Bailey dismissed her state-court case and filed the instant suit in federal court naming, among others, B.S. Quarries and Damascus, as defendants. B.S. Quarries and Damascus are related: According to Damascus, "Defendant Smith is . . . the sole corporate officer of Appellant Damascus 535. Defendant B.S. Quarries is owned equally by Mr. Smith and Defendant Thomas Bolles . . . ." Br. Appellant 14. In the instant suit, B.S. Quarries, Smith, and Damascus all now seem to agree that Damascus was actually the employer and therefore actually the party entitled to immunity under the Pennsylvania Workers' Compensation Act.

3

At summary judgment, Damascus argued that it was entitled to employer immunity; Bailey argued that Damascus should be collaterally estopped from arguing that it was the employer because of B.S. Quarries' representations in the state-court suit. Addressing Damascus's argument, the District Court held that it could not grant summary judgment on the immunity issue because "[t]he record evidence makes manifestly clear that myriad genuine issues of material fact exist regarding which company employed Wesley Sherwood." *Bailey v. B.S Quarries, Inc.*, No. 3:13cv3006, 2016 WL 1271381, at *6 (M.D. Pa. Mar. 31, 2016). The District Court declined to "directly address" Bailey's *collateral* estoppel argument, instead holding that Damascus was *equitably* estopped from raising the immunity defense. *Id.* at *6–7, *6 n.6.

Damascus appealed the denial of its summary judgment motion and requested a stay,[1] arguing that it should not be forced to go to trial given its statutory immunity from suit.[2] Damascus argues that we have jurisdiction over its appeal under the collateral order doctrine, analogizing workers' compensation immunity to qualified immunity possessed by government officials. *See generally*

---

[1] A motions panel of this Court granted the stay pending this appeal.
[2] Motion for Stay ¶ 13 ("It is imperative that the litigation and upcoming trial be stayed until this Court resolves Damascus 535's appeal and determines whether Plaintiff's claims are barred by Damascus 535's employer immunity . . . ."); Br. Appellant 3 ("As the District Court has entered an order erroneously denying Damascus 535 its statutory immunity from suit pursuant to Section 303, 77 P. S. § 481(b), the Order is a collateral order subject to immediate appeal and Damascus 535 should not be burdened or forced to trial in a court that lacks jurisdiction.").

*Pearson v. Callahan*, 555 U.S. 223, 231–32, 236 (2009) (describing qualified immunity). Applying the qualified immunity framework,[3] we hold that we have no jurisdiction under an exception derived from *Johnson v. Jones*.

We have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A collateral order is a rare type of order that does not terminate the litigation but, nonetheless, is treated as a "final decision." *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68 (1994). We generally follow a three-part test derived from *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69 (1978), to determine whether a case falls within the collateral order doctrine: "[T]he order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separable from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment." *Bines v. Kulaylat*, 215 F.3d 381, 384–85 (3d Cir. 2000) (quoting *Transtech Indus., Inc. v. A & Z Septic Clean*, 5 F.3d 51, 56 (3d Cir. 1993)).

Following *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), in which the Supreme Court held "that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law," was a collateral order, we usually

---

[3] Because we do not have jurisdiction over this case, we do not determine whether a denial of employer immunity would be a collateral order if such denial were based on an issue of pure law. Recently, the Sixth Circuit held that a denial of immunity under Kentucky's workers compensation system is a collateral order. *See Black v. Dixie Consumer Prods. LLC*, 835 F.3d 579 (6th Cir. 2016).

hold that all three of these elements are met where a party seeks review of a denial of immunity from suit, *see Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 171 (3d Cir. 2006) (explaining that "[t]he key consideration" in a series of collateral order cases was "whether the claimed right sought to be protected was characterized as a right to immunity from suit or a defense to liability").

However, in *Johnson v. Jones*, the Supreme Court limited appellate courts' jurisdiction over interlocutory appeals of a denial of qualified immunity. The Court held that a defendant seeking review of a denial of qualified immunity "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." 515 U.S. at 319–20. Thus, we have held "that when a District Court rests its denial of summary judgment on the basis of qualified immunity on the existence of a genuine issue of fact, then we have no jurisdiction." *Walker v. Horn*, 286 F.3d 705, 710 (3d Cir. 2002); *see also Blaylock v. City of Philadelphia*, 504 F.3d 405, 409 (3d Cir. 2007); *Forbes v. Township of Lower Merion*, 313 F.3d 144, 147–48 (3d Cir. 2002).

Here, Damascus argues that the District Court "erred" when determining "myriad genuine issues of material fact exist regarding which company employed Wesley Sherwood" because the record evidence "overwhelmingly and indisputably established that Damascus 535 was Mr. Sherwood's employer at the time of his

6

death as a matter of law." Br. Appellant 46–47; *Bailey*, 2016 WL 1271381, at *6. This is precisely the kind of dispute that we have held *Johnson* forbids us from reviewing.

We also have no appellate jurisdiction over the equitable estoppel decision.[4] Damascus did not argue that we should take jurisdiction over the estoppel decision alone. This makes sense. Because we lack jurisdiction to review the denial of summary judgment regarding immunity, Damascus could only raise its employer-immunity defense *at trial*. Because Damascus cannot avoid suit, its immunity defense is now functionally a merits defense. Thus, any holding related to it—including the District Court's ruling on equitable estoppel—is no more effectively unreviewable than any run-of-the-mill summary judgment order barring any other merits defense. *See In re Mushroom Direct Purchaser Antitrust Litig.*, 655 F.3d 158, 167 (3d Cir. 2011) (holding that, because the defense at issue did not allow the defendant "to avoid entirely the burden of litigation," there was no collateral order and no jurisdiction); *see also Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985) (explaining that qualified-immunity orders were effectively unreviewable because what was at stake was "*an entitlement not to stand trial* or face the other burdens of litigation" (emphasis added)); *cf. United States v. Wright*, 776 F.3d 134,

---

[4] Damascus argued we should modify the District Court's ruling on disregarding the corporate form because that ruling was bound up with the estoppel ruling. Because we have no jurisdiction over the estoppel ruling, we do not consider the veil-piercing ruling.

141 (3d Cir. 2015) (adopting the rule of other courts of appeals that, in a criminal case, "the touchstone for interlocutory jurisdiction is a collateral-estoppel claim that, if successful, would require dismissal of, at a minimum, an entire count").

For the reasons set forth above, we will dismiss the appeal for lack of appellate jurisdiction. Bailey's motion for leave to append exhibits to her brief is denied as moot.